NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

August 21, 2012

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*[*]

No. 11-1317

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United States District Court |
| *Plaintiff-Appellant,* | ] for the Western District of Wisconsin. |
| | ] |
| *v.* | ] No. 10 CR 85 |
| | ] |
| ROMAILL COX, | ] William M. Conley, |
| *Defendant-Appellee.* | ] *Chief Judge.* |

## O R D E R

Appellee Romaill Cox pleaded guilty to possessing with the intent to distribute 50 or more grams of crack cocaine.  *See* 21 U.S.C. § 841(a)(1).  At the time of the offense, that quantity of crack cocaine mandated a 120-month minimum sentence.  Shortly before Cox pleaded guilty, however, Congress enacted the Fair Sentencing Act of 2010, 124 Stat. 2372 ("FSA"), which lowered the relevant mandatory minimum term to 60 months.  The district court determined that Cox was subject to the new, more lenient minimum term specified by the FSA.  *See United States v. Cox*, 2011 WL 92071 (W.D. Wis. Jan. 11, 2011).  The court

---

[*] Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of this case on remand from the Supreme Court.  The case is now being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

ordered Cox to serve a prison term of 96 months.  R. 31.

The government appealed the sentence, contending that the district court erred in applying the FSA to conduct which occurred prior to the FSA's enactment.  Pursuant to our decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), which held that the FSA applies only prospectively to conduct occurring after its enactment, we concluded in our order of July 8, 2011, that the district court in this case erred in applying the FSA.  We therefore vacated Cox's sentence and remanded the case for resentencing.

In *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court disagreed with our holding in *Fisher* and "conclude[d] that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."  Subsequently, the Supreme Court granted Cox's petition for a writ of certiorari, vacated the judgment, and remanded the case to this court for reconsideration in light of its decision in *Dorsey*.  *Cox v. United States*, 2012 WL 2470069 (U.S. June 29, 2012).

The government has filed a Circuit Rule 54 position statement acknowledging, in view of *Dorsey*, that the district court correctly applied the FSA when it sentenced Cox and requesting that we affirm the 96-month sentence that court imposed.  In his own Circuit Rule 54 statement, Cox takes the same position.

We agree that this is the correct course of action in light of *Dorsey*.  We therefore AFFIRM Cox's sentence.